**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION**

**ELMER MENDEZ; ELENA MEJIA-**            **PLAINTIFFS**
**MENDEZ, ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES
OF CARLOS MEJIA-MENDEZ,
DECEASED; AND EVER ALEXANDER
AMAYA-MENDEZ, ON BEHALF OF ALL
WRONGFUL DEATH BENEFICIARIES
OF MARVIN NOE AMAYA-MENDEZ
DECEASED**

**V.**            **CIVIL ACTION NO.:** 1:22-CV-125-MPM-DAS

**SUMMIT HOUSING TRANSPORT, LLC;**            **DEFENDANTS**
**GREGORY BURNS; WINSTON
HOMEBUILDERS, INC.; HAMILTON
HOME BUILDERS, LLC; HAMBY
TRUCKING, INC., D/B/A HAMBY
ESCORT; AND JOHN DOES 1-20**

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF MISSISSIPPI (ABERDEEN DIVISION)

NOW INTO COURT, through the undersigned counsel, comes Defendant, Hamilton Home

Builders, LLC, who files this its *Notice of Removal* pursuant to 28 U.S.C. §§ 1332 and 1441, to

thereby remove this matter from state court to the docket of this Honorable Court, and

respectfully represents the following:

I.     **BACKGROUND**

1.     Plaintiffs, Elmer Mendez; Elena Mejia-Mendez, on behalf of all wrongful death

beneficiaries of Carlos Mejia-Mendez, deceased; and Ever Alexander Amaya-Mendez, on behalf

of all wrongful death beneficiaries of Marvin Noe Amaya-Mendez, deceased (hereinafter

"Plaintiffs") files a lawsuit styled "*Elmer Mendez; Elena Mejia-Mendez, on behalf of all*

*wrongful death beneficiaries of Carlos Mejia-Mendez, deceased; and Ever Alexander Amaya-Mendez, on behalf of all wrongful death beneficiaries of Marvin Noe Amaya-Mendez, deceased v. Summit Housing Transport, LLC; Gregory Burns; Winston Homebuilders, Inc.; Hamilton Home Builders, LLC; Hamby Trucking, Inc. d/b/a Hamby Escort; and John Does 1 – 20*" bearing docket number 48CI1:22-cv-00180, in the Circuit Court of Monroe County, State of Mississippi, with the original *Complaint* being filed on June 29, 2022 and the same was subsequently amended on June 30, 2022. *See* Plaintiffs' Amended Complaint, attached as Exhibit 1.

## II.    BASIS OF REMOVAL

2.    This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), and it is removable pursuant to 28 U.S.C. §§ 1441 and 1446. The parties are citizens of different states and the amount in controversy satisfies the requisite jurisdictional amount set froth in 28 U.S.C. § 1332(a).

### A.  PARTIES

3.    There is complete diversity of citizen ship between Plaintiffs and Defendants.

4.    Plaintiff, Elmer Mendez, is a citizen of Honduras who currently resides in the State of Tennessee. *See* Amended Complaint, p. 1, ¶ 1.

5.    Plaintiff Elena Mejia-Mendez, sibling of Carlos Mejia-Mendez, deceased, is a citizen of Honduras who resides in the State of Tennessee. *Id*. at 2, ¶2. For the purposes of § 1332, "the legal representative of the estate of a decedent shall be deemed to e a citizen only of the same State as the decedent…." 28 U.S.C. § 1332(c)(2). The decedent was a citizen of Honduras who resided in the State of Tennessee at the time of his death. *Id*. at 2, ¶2. The Court need not consider the citizenship of each individual wrongful death beneficiary for diversity

2

jurisdiction purposes. *Ezell v. Exide Techs.,* 2010 WL 2874249, at *2 (N.D. Miss. July 19, 2010) (*citing Bush v. Carpenter Bros, Inc.*, 447 F.2d 707, 711 (5th Cir. 1971)).

6.       Plaintiff Ever Alexander Amaya-Mendez, sibling of Marvin Noe Amaya-Mendez, deceased, is a citizen of Honduras who resides in the State of Tennessee. *Id*. at ¶3. For the purposes of § 1332, "the legal representative of the estate of a decedent shall be deemed to e a citizen only of the same State as the decedent…." 28 U.S.C. § 1332(c)(2). The decedent was a citizen of Honduras who resided in the State of Tennessee at the time of his death. *Id*. at ¶3. The Court need not consider the citizenship of each individual wrongful death beneficiary for diversity jurisdiction purposes. *Ezell v. Exide Techs.,* 2010 WL 2874249, at *2 (N.D. Miss. July 19, 2010) (*citing Bush v. Carpenter Bros, Inc.*, 447 F.2d 707, 711 (5th Cir. 1971)).

7.       Defendant, Summit Housing Transport, LLC, ("Summit") is an Alabama limited liability company. *See* Amended Complaint, p. 2, ¶4.

8.       Defendant, Gregory Burns, is an adult resident citizen of the State of Alabama who may be served process by any means available as a matter of law. *Id*. at ¶ 5.

9.       Defendant, Winston Homebuilders, Inc. is an Alabama limited liability company. *Id*. at ¶6.

10.       Defendant, Hamilton Home Builders, LLC, ("Hamilton") is an Alabama limited liability company. *Id*. at 2 – 3, ¶7.

11.       Defendant, Hamby Trucking, Inc., ("Hamby") which Plaintiffs assume are doing business as Hamby Escort, is an Alabama corporation. *Id*. at 3, ¶ 8.

12.       Plaintiffs' *Amended Complaint* also names John Does 1 – 20 as Defendants. *Id*. at ¶9. The rule of unanimity regarding consent to removal by all defendants applies only to properly served and joined defendants. *See Getty Oil Corp. v. Ins. Co. of N. Am.*, 847 F.2d 1254, 1261 –

62 (5th Cir. 1988) (*citing Pullman Co. v. Jenkins*, 305 U.S. 534 (1939)) ("Defendants … who are unserved when removal petition is filed need not join in it."). There is currently no indication that any person that Plaintiffs may have intended to include as a Defendant under John Does 1 – 20 has either been properly joined or served in the pending civil action. Accordingly, it is maintained that the consent of John Does 1 – 20 is not necessary for removal.

### B. AMOUNT IN CONTROVERSY

13. Plaintiffs' *Amended Complaint* does not specify an amount of damages.

14. Federal court have two methods by which the amount in controversy may be determined:

> First, removal is proper if it is facially apparent from the Complaint that the claims are likely to be above $75,000.00. Second, if it is not facially apparent … the removing attorney may support federal jurisdiction by setting forth the facts in controversy that support a finding of requisite amount.

*Jernigan v. Medi Share*, 2019 U.S. Dist. LEXIS 213140, 3 (S.D. Miss. June 3, 2019) (*citing Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)).

15. As explained by the *Medi Share* Court, "[w]hen determining if the amount in controversy could exceed the minimum threshold, district courts must consider the types of claims alleged by the Plaintiff and the nature of the damages sought." *Id*. at *3-4 (S.D. Miss. June 3, 2019) (*citing Allen*, 63 F.3d at 1336). "[C]ourts throughout the Fifth Circuit have adopted a 'common sense' approach to determining if the amount in controversy exceeds the $75,000 threshold." *Id*. at *4 (*citing Randle v. Smithkline Beecham, Corp.*, 338 F. Supp. 2d 704, 709 (S.D. Miss. 2004)). "This approach requires a court to look at the number of defendants, the standing of the parties, the number of plaintiffs, and also the 'types of harm(s) alleged to determine if the 'amount in controversy will, more likely than not, exceed $75,000.00.'" *Id*. at *4 (*quoting Randle*, 338 F. Supp. 2d at 709).

16.     Within their *Amended Complaint*, Plaintiffs allege "a 1995 Peterbilt truck hauling one-half of a double wide helicon 2.0 Model 327642E mobile home …was pulled over near the shoulder of Highway 45 Alternate and not in motion." *Amended Complaint*, p. 4, ¶ 14. Plaintiffs also allege that a 2004 Nissan Titan truck, driven by Jose Mendez, was traveling "southbound on Highway 45 Alternative near Highway 25 in Monroe County, Mississippi[]" when it "collided with the rear of the mobile home[.]" *Amended Complaint*, pp. 3, 5, ¶¶ 12 – 13, 21. "As a result of the collision, Elmer Mendez suffered serious injuries [and] Carlos Mejia-Mendez and Marvin Noe Amaya-Mendez died." *Id.* at 5, ¶¶ 22 – 23.

17.     Collectively, Plaintiffs seek wrongful death damages pertaining to Carlos Mejia-Mendez and Marvin Noe Amaya-Mendez; past, present, and further pain and suffering of all Plaintiffs and wrongful death beneficiaries; past, present, and future medical expenses of all Plaintiffs and wrongful death beneficiaries; Elmer Mendez's lost wages; mental anguish and emotional distress for Plaintiffs and wrongful death beneficiaries; Plaintiffs' and wrongful death beneficiaries' permanent injuries; Plaintiffs' and wrongful death beneficiaries' loss of value, enjoyment and quality of life; "all other economic and non-economic damages allowed by Mississippi law;" punitive damages; and any and all other damages which could be awarded by a jury. *Id.* at 10 – 11, ¶ 53(a) – (j).

18.     The Court may take into account punitive damages when determining the amount in controversy. *Sun Life Assur. Co. of Canada (U.S.) v. Fairley*, 485 F. Supp.2d 731, 735 (S.D. Miss. 2007). "[F]ederal courts in Mississippi have consistently held that a claim for an unspecified amount of punitive damages under Mississippi law is deemed to exceed the amount necessary for federal jurisdiction." *Id.*

19.     Further, a court is allowed to make "common-sense inferences" about the amount in controversy based upon the injuries a plaintiff alleges in a complaint. *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 – 41 (5th Cir. 2015) (holding a claim for damages for emphysema and wrongful death from lung cancer, claims for prostate cancer, and a host of other ailments, made it "more likely than not" that a plaintiff was seeking more than $75,000.00).

20.     Based on the allegations in Plaintiffs' *Amended Complaint*, is it facially apparent that the amount in controversy exceeds $75,000.00, exclusive of interests and costs, thus this Court is able to assume jurisdiction over this matter pursuant to 28 U.S.C. § 1332. *See i.e., Rogers v. Sunbelt Mgmt. Co.*, 52 F. Supp. 3d 816, 819 – 20 (S.D. Miss. 2014) (the court was "satisfied that federal subject matter jurisdiction exist[ed] pursuant to § 1332" where plaintiffs were "seeking damages for wrongful death and punitive damages.").

### III.     REMOVAL PROCEDURE

21.     This *Notice of Removal* is filed within 30 days of the receipt by or service upon Hamilton Home Builders, LLC, of a copy of the initial pleading setting forth the claim for relief upon which the action or preceding is based.

22.     The state court action was commenced on June 29, 2022, and this removal has been filed within one (1) year after its commencement.

23.     The United States District Court for the Northern District of Mississippi (Aberdeen Division) is the district and division within which the above-described state court action is pending and, as a result, jurisdiction and venue are proper in this Court for removal of the Plaintiffs' action under 28 U.S.C. §§ 1332(a), 1441(a), and 1446(a).

24. Under 28 U.S.C. 1446(d), the mover affirms that it will give written notice of this removal to all adverse parties and will file a copy of the Notice with the Monroe County Circuit Clerk's Court.

25. Further, pursuant to 28 U.S.C. § 1447(B) and L.U.C.R. 5(b), a complete copy of the state court record will be filed within 14 days.

26. Pursuant to Rule 11 of the Federal Rules of Civil Procedure, undersigned counsel certifies that he has read the foregoing *Notice of Removal*. He likewise certifies that to the best of his knowledge, information, and belief formed after reasonable inquiry, the Notice is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law, and that is not interposed for any improper purpose.

## IV. CONCLUSION

27. In view of the foregoing facts and application of Mississippi law, this Court has original jurisdiction, and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a), as there is complete diversity between the proper parties and the judgment value of the damages sought by Plaintiff is in excess of the federal jurisdictional limit under 28 U.S.C. § 1332.

28. The following are filed with this *Notice of Removal*:

   a. Civil Cover Sheet;

   b. Exhibit 1: Plaintiff's Amended Complaint; a copy of the entire state court record will be filed within 14 days, pursuant to L.U.C.R. 5(b); and

   c. Exhibit 2: A list of all attorneys involved herein to date, including their addresses, telephone numbers and who they represent.

29.     Pursuant to 28 U.S. C. § 1446(d), promptly after filing this *Notice of Removal*, a copy will be filed with the Circuit Court of Monroe County, Mississippi and served upon all counsel of record.

30.     Defendant reserves the right to amend or supplement this *Notice of Removal*.

WHEREFORE, PREMISES CONSIDERED, Defendant, Hamilton Home Builders, LLC, prays that this Honorable Court remove this action from the Circuit Court of Monroe County, State of Mississippi, to the United States District Court for the Northern District of Mississippi (Aberdeen Division) and take jurisdiction of this civil action to its conclusion and to the exclusion of any further proceedings in state court in accordance with federal law.

**RESPECTFULLY SUBMITTED**, this the 1st day of September, 2022.

HAMILTON HOME BUILDERS, LLC, Defendant

By:     */s/ Matthew M. Williams*
        MATTHEW M. WILLIAMS (#102541)
        CHAD A. RUHR (#105725)
        GALLOWAY, JOHNSON, TOMPKINS,
        BURR & SMITH, A PLC
        2510 14th Street, Suite 910
        Gulfport, MS 39501
        Telephone: (228) 214-4250
        Facsimile: (228) 214-9650
        Email: mwilliams@gallowaylawfirm.com
        Email: cruhr@gallowaylawfirm.com
        *Counsel for Defendant,*
        *Hamilton Home Builders, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew M. Williams, one of the attorneys for Defendant, HAMILTON HOME BUILDERS, LLC, do hereby certify that I have this date served the above and foregoing *Notice* upon all counsel of record and interested persons *via* the Court's ECF filing system.

SO CERTIFIED, this 1st day of September, 2022.

*/s/ Matthew M. Williams*
MATTHEW M. WILLIAMS (#102541)