IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

| | |
|---|---|
| **ELMER MENDEZ; ELENA MEJIA-MENDEZ, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF CARLOS MEJIA-MENDEZ, DECEASED; AND EVER ALEXANDER AMAYA-MENDEZ, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF MARVIN NOE AMAYA-MENDEZ, DECEASED** | **PLAINTIFFS** |
| v. | CIVIL ACTION NO. 1:22-CV-125-MPM-DAS |
| **SUMMIT HOUSING TRANSPORT, LLC; GREGORY BURNS; WINSTON HOUSING GROUP, LLC; HAMILTON HOME BUILDERS, LLC; HAMBY TRUCKING, INC., D/B/A HAMBY ESCORT; AND JOHN DOES 2-20** | **DEFENDANTS** |

## SECOND AMENDED COMPLAINT

### Jury Trial Requested

Plaintiffs, Elmer Mendez; Elena Mejia-Mendez, on behalf of all wrongful death beneficiaries of Carlos Mejia-Mendez, deceased; and Ever Alexander Amaya-Mendez, on behalf of all wrongful death beneficiaries of Marvin Noe Amaya-Mendez, deceased, by and through their counsel of record, file this Complaint against the Defendants, Summit Housing Transport, LLC; Gregory Burns; Winston Housing Group, LLC; Hamilton Home Builders, LLC; Hamby Trucking, Inc. D/B/A Hamby Escort; and John Does 2-20, and in support thereof would show unto this Honorable Court the following facts and matters, to-wit:

## PARTIES

1. Plaintiff Elmer Mendez is a citizen of Honduras who currently resides in the State of Tennessee.

2. Plaintiff Elena Mejia-Mendez is a citizen of Honduras who resides in the State of Tennessee. Plaintiff Elena Mejia-Mendez, sibling of Carlos Mejia-Mendez, Deceased, brings this action on behalf of all wrongful death beneficiaries of Carlos Mejia-Mendez, Deceased.

3. Plaintiff Ever Alexander Amaya-Mendez is a citizen of Honduras who resides in the State of Tennessee. Plaintiff Ever Alexander Amaya-Mendez, sibling of Marvin Noe Amaya-Mendez, Deceased, brings this action on behalf of all wrongful death beneficiaries of Marvin Noe Amaya-Mendez, Deceased.

4. Defendant Summit Housing Transport, LLC ("Summit Housing Transport") is a limited liability company organized under the laws of the State of Alabama. Defendant Summit Housing Transport may be served with process by serving its registered agent for service of process, Incorp Services, Inc., at 4142 Carmichael Road Montgomery, AL 36106, or by any means permitted by the *Federal Rules of Civil Procedure*.

5. Defendant Gregory Burns is an adult resident citizen of the State of Alabama. Defendant Burns may be served with process by any means permitted by the *Federal Rules of Civil Procedure*.

6. Defendant Winston Housing Group, LLC ("Winston Housing") is a limited liability company organized under the laws of the State of Alabama. Defendant Winston Housing may be served with process by serving its registered agent for service of process, Brad Mikels, at 330 Buccaneer Street, Hamilton, Alabama 35570, or by any means permitted by the *Federal Rules of Civil Procedure*. Defendant Winston Housing was identified as John Doe 1 in the

Amended Complaint, as Winston Housing was mistakenly identified as Winston Home Builders, Inc. in the Amended Complaint.

7. Defendant Hamilton Home Builders, LLC ("Hamilton Home Builders") is a limited liability company organized under the laws of the State of Alabama. Defendant Hamilton Home Builders may be served with process by serving its registered agent for service of process, Brad Mikels, at 330 Buccaneer Street, Hamilton, AL 35570, or by any means permitted by the *Federal Rules of Civil Procedure*.

8. Defendant Hamby Trucking, Inc. ("Hamby"), which upon information and belief is doing business as Hamby Escort, is a corporation organized under the laws of and with its principal place of business in the State of Alabama. Defendant Hamby was previously served the Amended Complaint in this matter and has not filed a responsive pleading. Accordingly, the Clerk has entered default against Defendant Hamby (Docket # 15) and further service or notice to Hamby is not required.

9. The Defendants John Does 2-20 are individuals and entities presently unknown to Plaintiffs at this time and are named in this lawsuit pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. All allegations and claims asserted herein against Defendants are incorporated by reference against John Does 2-20. John Does 2-20 will be identified by name and joined in this action, by amendment of the Complaint, pursuant to the *Federal Rules of Civil Procedure*, when the information to do so becomes available.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this cause pursuant to 28 U.S.C. § 1332 and related authority, as it was previously removed to this Court from the Circuit Court of Monroe County, Mississippi. The Court has personal jurisdiction over all parties.

11. Venue is proper pursuant to 28 U.S.C. § 1391, as the substantial acts and/or omissions and events that caused Plaintiffs' injuries occurred in Monroe County, Mississippi, which is located in the Northern District of Mississippi, Aberdeen Division.

## FACTS

12. On July 1, 2020, Elmer Mendez, Carlos Mejia-Mendez, and Marvin Noe Amaya-Mendez were passengers in a 2004 Nissan Titan truck driven by Jose Mendez.

13. At approximately 8:45 a.m. on that date, the Nissan Titan was traveling southbound on Highway 45 Alternate near Highway 25 in Monroe County, Mississippi.

14. At that same time, a 1995 Peterbilt truck hauling one-half of a double wide Helicon 2.0 Model 327642E mobile home designed, manufactured, and marketed by Defendants Winston Housing and/or Hamilton Home Builders was pulled over near the shoulder of Highway 45 Alternate and not in motion.

15. On July 1, 2020, the Peterbilt truck hauling the mobile home was being operated by Defendant Burns.

16. On that date, Defendant Burns was employed by Defendant Summit Housing Transport, a trucking company engaged to transport the mobile home for Defendants Winston Housing and/or Hamilton Home Builders.

17. At all times relevant hereto, Defendant Burns was acting in the course and scope of his employment for Defendant Summit Housing Transport, which is vicariously liable for any negligent acts of Burns under the doctrine of *respondeat superior*.

18. On July 1, 2020, at approximately 8:45 a.m., the Peterbilt truck hauling the mobile home was stopped due to the failure of the tow hitch used to connect the mobile home to the truck for transport.

19. The tow hitch failed because it was undersized for the load, the axles of the load were located in a manner that increased load on the hitch, and for any other reasons that will be revealed in discovery of this matter.

20. But for the tow hitch failure described above, the Peterbilt truck hauling the mobile home would not have been stopped in or near southbound Highway 45 Alternate.

21. On July 1, 2020, at approximately 8:45 a.m., the Nissan Titan truck driven by Jose Mendez collided with the rear of the mobile home being hauled by the Peterbilt truck.

22. As a result of the collision, Elmer Mendez suffered serious injuries.

23. As a result of the collision, Carlos Mejia-Mendez and Marvin Noe Amaya-Mendez died.

24. As a result of the acts, omissions, and collision described above and herein, Plaintiffs suffered injuries and damages as described herein and as will be proven at the trial of this matter.

## CAUSES OF ACTION

### COUNT 1: NEGLIGENCE AND NEGLIGENCE *PER SE* OF ALL DEFENDANTS

25. Plaintiffs incorporate by reference, as is fully reproduced herein, the allegations contained in the preceding paragraphs of the Complaint.

26. At all times relevant hereto, Defendants had a duty to exercise reasonable care in the loading and transportation of the mobile home and to observe all applicable statutes, rules, regulations, standards, and laws governing such activity.

27. Defendants breached the duties that they owed to Plaintiffs.

28. Defendants were guilty of negligent acts and/or omissions which were the direct and/or proximate cause of the injuries and damages to the Plaintiffs in one or more of the following ways:

    a. selecting and using a hitch that was undersized for safe transportation of the mobile home;

    b. locating axles in a manner that increased hitch load;

    c. violating applicable statutes, rules, regulations, standards, and laws governing the loading and transportation of the mobile home, including (but not limited to) United States Department of Housing and Urban Development ("HUD") regulations related to manufactured homes; Federal Motor Carrier Safety Regulations; Federal Department of Transportation regulations; and the Mississippi Motor Vehicles and Traffic Regulations;

    d. Failure to do other reasonable acts necessary to prevent the harm suffered by Plaintiffs; and,

    e. Other acts or omissions that will more specifically be set forth during discovery and proven at trial.

29. Defendants breached the above duties which caused Plaintiffs harm, and but for the actions of the Defendants, Plaintiffs would not have been injured.

30. To the extent that Defendants violated applicable statutes, rules, regulations, standards, and laws governing the loading and transportation of the mobile home, Defendants are liable under the doctrine of negligence *per se*, as Plaintiffs and their decedents were members of the class sought to be protected under the statutes, rules, regulations, standards, and laws; their injuries

were of a type sought to be avoided; and violations of the statutes, rules, regulations, standards, and laws proximately caused their injuries.

31. The negligent conduct by Defendants proximately caused or contributed to Plaintiffs' injuries and damages as more fully described herein.

### COUNT 2: PRODUCT LIABILITY AGAINST WINSTON HOUSING AND HAMILTON HOME BUILDERS

32. Plaintiffs incorporate by reference, as is fully reproduced herein, the allegations contained in the preceding paragraphs of the Complaint.

33. Defendant Winston Housing and/or Defendant Hamilton Home Builders designed, manufactured, and marketed the double wide Helicon 2.0 Model 327642E that was being transported as described above.

34. Due to the failure of the tow hitch and axle placement described herein and for any other reasons discovered during discovery, the mobile home was defective because (a) it deviated in a material way from the manufacturer's or designer's specifications or from otherwise identical units manufactured to the same manufacturing specifications and/or (b) it failed to contain adequate warnings or instructions and/or (c) it was designed in a defective manner and/or (d) it breached an express warranty or failed to conform to other express factual representations.

35. The defective condition(s) described above rendered the mobile home unreasonably dangerous to the user or consumer.

36. Defendant Winston Housing and/or Hamilton Home Builders knew, or in light of reasonably available knowledge should have known, about the danger that caused the damages for which recovery is sought herein.

37. The ordinary user or consumer would not realize the dangerous condition of the mobile home described herein.

38. With respect to design defects alleged herein, the mobile home failed to function as expected and there existed a feasible design alternative that would have to a reasonable probability prevented the harm. Said feasible design alternative would have, to a reasonable probability, prevented the harm without impairing the utility, usefulness, practicality or desirability of the mobile home to users or consumers.

39. The defective and unreasonably dangerous condition(s) of the mobile home proximately caused the damages described herein.

## COUNT 3: NEGLIGENCE AND NEGLIGENCE PER SE OF BURNS, SUMMIT HOUSING TRANSPORT, AND HAMBY

40. Plaintiffs incorporate by reference, as is fully reproduced herein, the allegations contained in the preceding paragraphs of the Complaint.

41. Additionally or alternatively, at all times relevant hereto, Defendant Burns had a duty to exercise reasonable care in the operation of his motor vehicle and to observe the rules of the road. Defendant Summit Housing Transport is liable for all act or omissions of its employee, Burns, under the doctrine of respondeat superior. Additionally, Defendant Hamby had a duty to exercise reasonable care while escorting the mobile home.

42. Defendants Burns, Summit Housing Transport, and Hamby breached the duties that they owed to the general public and to Plaintiffs and their decedents.

43. At said time, date, and place of the above-referenced collision, Defendants Burns, Summit Housing Transport, and Hamby were guilty of negligent acts and/or omissions which were a direct and/or proximate cause of the injuries and damages to the Plaintiffs in one or more of the following ways:

    a.    Failure to remove their vehicle from the roadway;

    b.    Parking, stopping, or leaving their vehicle in the roadway;

    c.    Failure to take appropriate action to avoid the collision;

    d.    Failure to adequately warn other motorists of the presence of the vehicle in the roadway;

    e.    Negligence per se for violation of traffic laws of the State of Mississippi;

    f.    Failure to follow applicable rules and law regarding proper notice, signage and flagging of the escort vehicle and vehicle transporting the mobile home;

    g.    Failure to do other reasonable acts necessary to prevent the harm suffered by the Plaintiffs and their decedents; and,

    h.    Other acts or omissions that will more specifically be set forth during discovery and proven at trial.

44. Defendants Burns, Summit Housing Transport, and Hamby breached the above duties which caused the Plaintiffs harm, and but for the actions of Defendants Burns, Summit Housing Transport, and/or Hamby, the Plaintiffs would not have been damaged.

45. To the extent that Defendants Burns, Summit Housing Transport, and Hamby violated applicable laws and rules of the road, Defendants are liable under the doctrine of negligence *per se*, as Plaintiffs and their decedents were members of the class sought to be protected under the rules of the road; their injuries were of a type sought to be avoided; and violations of rules of the road proximately caused their injuries.

46. The negligent conduct by Defendants Burns, Summit Housing Transport, and Hamby proximately caused and/or contributed to the Plaintiffs' injuries and damages as more fully described herein.

## COUNT 4: LIABILITY OF ALL DEFENDANTS VIA RESPONDEAT SUPERIOR

47. Plaintiffs reallege and incorporate by reference each and every averment set forth in the preceding paragraphs.

48. Each Defendant was, during all times herein mentioned, the agent and/or employee of Defendants, acting within the course and scope of employment at the time of the transport and collision.

49. At the time and place of the above referenced transport and collision, each Defendant was the agent and employee of all other Defendants, and negligently manufactured and/or transported the mobile home at issue.

## COUNT 5: PUNITIVE DAMAGES

50. Plaintiffs incorporate by reference, as is fully reproduced herein, the allegations contained in the preceding paragraphs of the Complaint.

51. The Defendants acted in complete disregard of the duties owed to the Plaintiffs and their decedents by acting in a grossly negligent manner and with wanton and reckless disregard for the safety of Plaintiffs and their decedents, Carlos Mejia-Mendez and Marvin Noe Amaya-Mendez, such that their conduct gives rise to an independent tort justifying the imposition of punitive damages against all Defendants.

## DAMAGES

52. Plaintiffs incorporate by reference, as is fully reproduced herein, the allegations contained in the preceding paragraphs of the Complaint.

53. As a result of the foregoing negligent acts and/or omissions of Defendants, the Plaintiffs are entitled to the following damages:

    a.    wrongful death damages as permitted by law as to Carlos Mejia-Mendez, deceased and Marvin Noe Amaya-Mendez, deceased;

    b.    past, present, and future pain and suffering of all Plaintiffs and wrongful death beneficiaries;

    c.    past, present, and future medical expenses of all Plaintiffs and wrongful death beneficiaries;

    d.    lost wages of Plaintiff Elmer Mendez;

    e.    mental anguish and emotional distress of all Plaintiffs and wrongful death beneficiaries;

    f.    permanent injuries of all Plaintiffs and wrongful death beneficiaries;

    g.    loss of value, enjoyment, and quality of life of all Plaintiffs and wrongful death beneficiaries;

    h.    all other economic and non-economic damages allowed by Mississippi law;

    i.    any and all damages of every kind allowable by law as a jury may determine to be just, taking into consideration all damages of every kind to Plaintiffs; and

    j.    punitive damages.

54. There exists a causal connection between the negligent acts and/or omissions of Defendants alleged herein and the damages sustained by Plaintiffs, such that said negligent acts and/or omissions proximately caused or contributed to the Plaintiffs' damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment from the Defendants and request that this Court grant relief as follows following a jury trial of this matter:

      a.      Economic and non-economic damages in an amount provided by law and to be supported by evidence at trial;

b. Punitive damages;

c. Pre-judgment and post-judgment interest as allowed by law;

      d.      Reasonable attorneys' fees, litigation expenses, expert witness fees, and costs of this litigation, together with all costs of court; and,

      e.      Any other relief to which Plaintiffs may justly and properly be entitled, all within an amount within the jurisdiction of this Court.

This the 15th day of November, 2022.

                Respectfully submitted,

**ELMER MENDEZ; ELENA MEJIA-MENDEZ, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF CARLOS MEJIA-MENDEZ, DECEASED; AND EVER ALEXANDER AMAYA-MENDEZ, ON BEHALF OF ALL WRONGFUL DEATH BENEFICIARIES OF MARVIN NOE AMAYA-MENDEZ, DECEASED, PLAINTIFFS**

BY:   */s/ Madison Coburn Keyes*
         MADISON COBURN KEYES

**OF COUNSEL:**

R. Allen Smith, Jr.; MS State Bar No. 99984
Madison Keyes; MS State Bar No. 105530
The Smith Law Firm, P.L.L.C.
300 Concourse Blvd., Suite 104
Ridgeland, Mississippi 39157
Telephone: (601) 952-1422
Facsimile: (601) 952-1426

## **CERTIFICATE OF SERVICE**

  I, Madison Coburn Keyes, do hereby certify that I served a true and correct copy of the above and foregoing document by electronically filing same in accordance with this Court's electronic filing procedures, resulting in notice to ALL COUNSEL OF RECORD.

  So certified this the 15th day of November, 2022.

                  */s/ Madison Coburn Keyes*
                  MADISON COBURN KEYES